# SCHWABER & KAFER P.C.

———————————— ATTORNEYS AT LAW ————————————

**FERN H. SCHWABER**
**SUSAN M. KAFER**

350 SEVENTH AVENUE, SUITE 604
NEW YORK, NEW YORK 10001

TEL: (212) 643-9140
FAX: (212) 643-9151
Fschwaber@aol.com
Kaferesq@aol.com

ECF and by First Class Mail

July 21, 2006

Honorable Allyne R. Ross
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: USA v. Narain Mirchandani
    03 CR 354 (ARR)

*[Handwritten annotation: Substantially for the reasons set forth in the letter of the government dated July 26, 2006, the application is denied. So ordered. [signature] 7/31/06 cc: counsel, USPJ, USPO Powell]*

Your Honor:

On February 11, 2004, Your Honor sentenced Mr. Mirchandani to a term of probation for three years, the first year of which was served in community confinement.

By this application, Mr. Mirchandani seeks the early termination of the term of probation pursuant to 18 USC Section 3564(c).

The U.S. Probation Officer to whom Mr. Mirchandani was assigned is Michelle Powell. Officer Powell has informed undersigned counsel that Mr. Mirchandani has been in compliance with the terms of probation since its inception date. She also advised that after two years, probationers (who have been in compliance with the terms of probation) are then placed on written monthly reporting without the need for office or home visits. Mr. Mirchandani has been placed on this status. Officer Powell has further advised that she has no objection to this application.

Notwithstanding the minimal reporting requirements, being on probation has created a hardship for Mr. Mirchandani. Mr. Mirchandani's parents reside in India and his in-laws reside in Singapore. Anytime Mr. Mirchandani needs to travel out of the

country, be it for business or personal reasons, he must submit his itinerary for review and approval to the Probation Department. Thus, he has been unable to make last minute plans if family circumstances warranted it or, once abroad, extend his trip if he needed to do so. Mr. Mirchandani's in-laws and parents are elderly, frail and ill. He has been advised that his father-in-law has terminal cancer. All of this has created anxiety for him and has placed stress on him and his family.

Thus, his familial situation is such that he requires the flexibility to travel without the probation restrictions.

18 USC Section 3564(c) directs that the factors set forth in Section 3553(a) be considered in reviewing an application for the earl termination of probation. This offense constituted Mr. Mirchandani's first arrest and it was clear at the time of sentencing that that this offense constituted aberrant behavior. Prior to sentencing, Mr. Mirchandani was subject to the supervision of Pre-trial Services and he complied with the reporting requirements. The sentence imposed by this Court included one year's confinement in a halfway house. As part of the plea agreement with the government, Mr. Mirchandani agreed to the forfeiture of a substantial sum of money. The sentence imposed by this Court has been a substantial punishment. From the moment of his arrest, Mr. Mirchandani has always complied with all directives of the Court, Pre-trial supervision and terms of his sentence. The early termination of probation will not threaten community safety nor will it diminish the punishment.

Thus, for the foregoing reasons, it is respectfully requested that this application be granted and that the probation imposed upon Mr. Mirchandani be terminated.

Assistant U.S. Attorney Elaine Banar has advised that the government objects to this request.

Respectfully yours,

FERN H. SCHWABER
FHS/jh

Cc: Elaine Banar
    Assistant United States Attorney by telefax

    United States Probation Officer Michelle Powell by telefax